## Downing v. Penn Radio Cab

*Mercer D. Tate,* for plaintiff.

*Ralph Schwartz* and *Bennett, Bricklin & Saltzburg,* for defendants.

SLOANE, J., March 1, 1971.—In this equity action tried to me as chancellor, plaintiffs seek to enjoin defendant-lessee, Penn Radio Cab, Inc., from continuing to operate a commercial cab company out of the garage, premises 529-535 West Sedgwick Street, Philadelphia. Defendant, Susan Master, is the present owner-lessor of the premises.

Plaintiffs, a group of residents of the 500 block of West Sedgwick Street, assert rights as parties and successors to parties of an agreement with a prior owner, entered into June 21, 1954, enumerating restrictions on the use of the premises in covenants running with the land.

Plaintiffs argue for a construction of covenants found in the 1954 agreement which will oust the cab company:

"4. *Repair Work:* Neighbors agree that Owners may use the premises for minor automobile repair work subject to the following conditions and limitations:

"(a) The automobile repair work done on the premises shall not constitute the primary use of the

premises but shall be subordinate and incidental to the use of the premises as a parking garage for the storage of private automobiles;

"(b) The premises shall not be used for any other activity not specifically permitted hereunder and in accordance herewith the Owners will immediately cease any activity inconsistent with the uses specifically permitted hereunder."

Defendant cab company asserts the following defenses: (1) the restrictive covenants do not preclude the operation of a commercial cab company at the premises; (2) even if the covenants are construed to prevent the operation of the cab company, the character of the neighborhood has changed so materially as to render the covenants unenforceable; and (3) laches.

The entire agreement containing the covenants of restriction was directed to a particular incident in 1954 preventing a private parking garage from becoming a body repair shop.

Paragraph 4 of the agreement labeled "Repair Work" is comparatively extensive and indicates the intentions of the neighbors in the protection they sought. They wanted protection from those characteristics of a major body repair shop that would conflict with the peaceful enjoyment and safety of their properties and lives, i.e., restrict all major repairs, limit the place and time in which repairs could be made, prohibit offensive emissions, confine offensive noise to minimum, keep the customers' cars off the street.

These reasonable restrictions are enforceable to their limits when the use of the premises demands it.

However, narrowly construing the covenants, which I am required to do, I cannot agree that the operation of a commercial cab company per se is in direct breach of these covenants.

Accordingly, I enter the following

### DECREE NISI

And now, this March 1, 1971, after hearing and consideration of this matter, it is ordered and decreed:

A. As to defendant, Penn Radio Cab, Inc., is enjoined as follows:

(1) Not to engage in major repair work (including body and fender work, painting and refinishing) and any repair work which gives off offensive emissions of odor, fumes or noise into the neighborhood around premises 529-535 W. Sedgwick Street, Philadelphia.

(2) Not to engage in any repair work outside the garage, on the street around the premises or park any cab on the street other than momentarily or in an emergency.

(3) Not to engage in any repair work except for emergency repairs of minor nature, before the hour of 8 a.m. and after 5:30 p.m. and on Sunday, New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas.

(4) Obey the one-way traffic ordinance on the 500 block of W. Sedgwick Street.

(5) Keep the premises free of trash, ashes, oil or gasoline spills.

(6) Not to create a commotion at the close of the night shift at 2 a.m. and the beginning of the morning shift at 6 a.m. by either reducing the number of cabs coming in or going out, staggering the incoming or outgoing cabs, or any other workable plan.

(7) Not to permit the parking of employes' private automobiles on the street in the 500 block of W. Sedgwick Street.

B. As to defendant Susan Master, she is enjoined as follows:

(1) From, directly or indirectly, knowingly violating the covenants of restriction found in the agreement of June 21, 1954.

(2) To sell or lease the premises, 529-535 W. Sedgwick Street only to a vendee or lessee who agrees to comply with the covenants of restriction in the agreement of June 21, 1954.